IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NANCY WEIDNER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Civil Action No. |
| | § | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

# COMPLAINT

Plaintiff Nancy Weidner, for her Complaint against The Lincoln National Life Insurance Company, would show as follows:

## Parties, Jurisdiction and Venue

1. Plaintiff is an individual citizen of Texas.

2. Defendant is a corporation not organized under Texas law and not maintaining its principal place of business in Texas, and may be served through its registered agent for service of process in Texas, Corporation Service Company, 211 E. 7th Street., Suite 620, Austin, Texas 78701-3218.

3. Jurisdiction is proper on the ground of the existence of a federal question under 28 U.S.C.§1331 based on Plaintiff's claim under the Employee Retirement Income Security Act, 29 U.S. C. §1001 et seq. ("ERISA").

4. Venue is proper.

Facts

5. Prior to 2015, Plaintiff was employed as an account representative with the Benbrook Water Authority, and through such employer, covered by a short-term disability benefits policy administered and insured by Defendant. As of June 2015, Plaintiff could no longer continue to work full-time, as a result of problems associated with back pain, abdominal pain, chronic pain, right shoulder pain, wrist pain, bilateral foot pain and fatigue. Plaintiff accordingly made a claim to benefits under Defendant's short-term disability benefits policy and received payment from November 7, 2016 through December 19, 2016.

6. By letter dated February 24, 2017, Defendant denied short-term disability benefits beyond December 19, 2016. By letter dated May 19, 2017, Plaintiff appealed the February 24, 2017 denial of short-term disability benefits.

7. By letter dated June 30, 2017, Defendant upheld the decision to deny short-term disability benefits to Plaintiff.

8. By letter dated December 13, 2017, Plaintiff appealed the June 30, 2017 denial of short-term disability benefits and provided extensive medical records to support the appeal. Moreover, the appeal identified specific records of Plaintiff's treating physicians reflecting that Plaintiff continued to suffer from disabling impairments.

9. By letter dated February 15, 2018, Defendant reiterated its denial of short-term disability benefits to Plaintiff.

10. As of January 23, 2018, Plaintiff became eligible for long-term disability benefits application and submitted a long-term disability benefits application to Defendant under a long-term disability benefits policy administered and insured by Defendant.

Additionally, by letter dated February 8, 2018 and April 8, 2018, Plaintiff provided updated medical records, as well as a treating physician statement, to Defendant for review with her long-term disability benefits application.

11. By letter dated April 18, 2018, Defendant denied benefits to Plaintiff under the long-term disability benefits policy, stating that the medical documentation submitted did not support Plaintiff's disability or preclude her from performing the duties of her own occupation.

12. By letter dated June 12, 2018, Plaintiff appealed the April 18, 2018 denial of disability benefits, providing current medical records in which her treating physician assistant determined Plaintiff disabled in January 2017 due to pain related to sitting, standing, bending, squatting and overhead reaching. Plaintiff also provided Defendant records of an April 2018 hospitalization determining that Plaintiff has a brain abnormality, severe hip osteoarthritis and back and pelvic abnormalities.

13. On July 10, 2018, Defendant provided a peer review report to be reviewed by Plaintiff's treating physician. On July 18, 2018, in response to such report, Plaintiff's treating physician rebutted the findings in the report and opined that Plaintiff is unable to return to work of any kind due to the medical conditions referred to in paragraphs 5 through 12 and current memory loss.

14. By letter dated July 24, 2018, Plaintiff notified Defendant that the July 10, 2018 letter violated numerous aspects of the claims regulation under the Employee Retirement Income Security Act ("ERISA"), at 29 CFR 2560.503-1, which warranted suit prior to a final administrative appeal decision. The violations included:

a) The letter relies in part upon the opinion of a nurse consultant, necessarily without medical expertise as a physician, whose training, and experience and even then, identity, is not disclosed, in violation of 29 CFR 2560.503-1(h)(3)(iii) and (iv).

b) The letter fails to disclose the training and experience of a physician whose purported independent medical review of Ms. Weidner's claim is relied upon, in violation of 29 CFR 2560.503-1(h)(3)(iii).

c) The letter, in violation of 29 CFR 2560.503-1(h)(3)(i), relies upon the same physician providing a purported independent medical review whose like purported independent medical review was relied upon in connection with the underlying adverse benefit determination which is the subject of Ms. Weidner's appeal.

d) In violation of 29 CFR 2560.503-1(h)(4)(i), the letter represents an adverse benefit determination on review of Ms. Weidner's appeal even prior to her response or a response of any of her physicians to the nurse consultant review and purported physician independent medical review relied upon in the letter. While the letter purports to comply with 29 CFR 2560.503-1(h)(4)(i), it prejudges the issue of Ms. Weidner's right to continuing disability benefits by indicating an intention to deny such benefits.

e) In violation of 29 CFR 2560.503-1(h)(4)(i), the letter, notwithstanding the new or additional rationale, or arguably, new and additional rationale for denial, identified in the nurse consultant review and purported physician independent medical review – specifically Ms. Weidner's claimed ability to perform the material duties of her occupation despite multiple restrictions and limitations recognized as valid by the purported independent physician reviewer – without providing the required 30 days' notice before relying upon such rationale in any new adverse benefit determination on review.

f) In violation of 29 CFR 2560.503-1(h)(3)(i), the letter does not provide for a review which does not afford deference to the initial benefit determination. Subject to discovery in suit, or voluntary disclosure by you, it may also not involve review by an individual neither the individual who made the adverse benefit determination which is the subject of the appeal, nor a subordinate of such individual.

g) In violation of 29 CFR 2560.503-1(j)(1), the letter, insofar as it improperly represents an adverse determination on review by indicating

an intention to deny such benefits, does not adequately provide the specific reason or reasons for the adverse determination because it includes no comparison of the restrictions and limitations to which Ms. Weidner is subject (even while they are recognized as valid by the purported independent review physician) with the material duties of her occupation of accounting clerk.

h) Insofar as it constitutes an adverse benefit determination on review in fact if not in form, the letter, finally, does not comply with certain requirements of 29 CFR 2560.503-1(j)(6).

i) In contravention of 29 CFR 2560.503-1(b)(5) the letter, for the reasons stated, does not reflect any administrative processes or safeguards designed to ensure and verify that any claim determination is made in accordance with governing plan documents or that plan provisions have been applied consistently with respect to similarly situated claimants.

j) Likewise, for the same reasons, in contravention of 29 CFR 2560.503-1(b)(7), the letter does not reflect adherence to the requirement that all claims and appeals be adjudicated in a manner designed to assure the independence and impartiality of the person involved in making the decision.

15. By letter dated July 27, 2018, Defendant upheld the denial of benefits to Plaintiff under the long-term disability policy.

16. By its denials of benefits to Plaintiff under the short-term disability policy and the long-term disability policy, Defendant improperly relied upon a standard of disability distinct from that provided for in the governing policies, improperly ignored Plaintiff's medical condition and specific determinations of Plaintiff's disability based on such condition, improperly ignored certain medical records of Plaintiff, improperly misrepresented certain medical records of Plaintiff, improperly dismissed the significance of other medical records of Plaintiff and improperly ignored other statements of Plaintiff's impairments.

17. In connection with its disposition of the claim of Plaintiff under the policy, Defendant engaged in conduct not consistent with its fiduciary duty to Plaintiff under ERISA and in violation of provisions of ERISA and the claims regulations promulgated pursuant to ERISA, including Section 1133(2) of ERISA, requiring that a participant whose claim for benefits has been denied be afforded a reasonable opportunity for a full and fair review by the appropriate named fiduciary of the decision denying his claim, and one or more of the following requirements of 29 CFR 2560.503-1:

a. the requirement of 29 CFR 2560.503-1(b)(3) that the claims procedures do not contain any provision, and are not administered in a way, that unduly inhibits or hampers the initiation or processing of claims for benefits,

b. the requirement of 29 CFR 2560.503-1(b)(5) that claims procedures contain administrative provisions or safeguards to insure that any benefit claim determinations are made in accordance with governing plan documents and that plan provisions have been applied consistently with respect to similarly situated claimants,

c. the requirement of 29 CFR 2650.503-1(b)(7) that all claims and appeals be adjudicated in a manner designed to insure the independence and impartiality of the persons involved in making the decision,

d. the requirements of 29 CFR 2560.503-1(g)(1)(i)-(iii), (g)(1)(vii)(A)(i)-(iii), and (g)(1)(C) and (D) as to the content of any adverse benefit determination, including providing the claimant in a manner calculated to be understood by the claimant the specific reason or reasons for the adverse determination, reference to the specific plan provisions on which the determination is based, a description of any additional material or information

necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary, a discussion of the decision, including an explanation of the basis for disagreeing with or not following the views presented by the claimant to the plan of healthcare professionals treating the claimant and vocational professionals who evaluated the claimant; the views of medical or vocational expert to his advice was obtained on behalf of the plan in connection with the claimant's adverse benefit determination, without regard to whether the advice was relied upon in making the benefit determination, and a disability determination regarding the claimant presented by the claimant to the plan made by the Social Security Administration, an identification of the specific internal rules, guidelines, protocols, standards or other similar criteria of the plan relied upon in making the adverse determination, or alternatively, a statement that such rules, guidelines, protocols, standards or other similar criteria of the plan do not exist,

e. the requirement of 29 CFR 2560.503-1(h)(2)(iv) that claims procedures provide for a review that takes "into account all comments, documents, including information necessary for a claimant to perfect his claim and an explanation of why such material is necessary, records and other information submitted by the claimant relating to the claim without regard to whether such information was submitted or considered in the initial benefit determination,"

f. the requirement of 29 CFR- 2560.503-1(h)(3)(ii) that any review does not afford deference to the initial benefit determination and be conducted by an appropriate named fiduciary of the plan who is neither the individual who made the adverse benefit determination that was the subject of the appeal, nor the subordinate of such individual,

g. the requirement of 29 CFR 2560.503-1(h)(3)(iii) that the appropriate named fiduciary shall, if any appeal of an adverse benefit determination is based in whole or in part on a medical judgment, consult with a health care professional with appropriate training and experience in the field of medicine involved in the medical judgment,

h. the requirement of 29 CFR 2560.503-1(h)(3)(iv) that any medical or vocational experts whose advice was obtained in connection with an adverse benefit determination be identified without regard to whether the advice was relied upon in making the benefit determination,

i. the requirement of 29 CFR 2560.503-1(h)(3)(v) that any healthcare professional consultant in connection with any adverse benefit determination be an individual who was not consulted in connection with the adverse benefit determination that was the subject of the appeal, nor the subordinate of such individual,

j. the requirement of 29 CFR 25-60.503-1(h)(4) that any new or additional evidence considered, relied upon or generated by the plan, insure, or other person making the benefit determination, or any new or additional rationale, be provided to the claimant sufficiently in advance to enable the claimant to have a reasonable opportunity to respond prior to the issuance of any adverse benefit determination on review,

k. the requirements of 29 CFR 25 60.503-1(j)(1)-(3) as to the manner and content of any notification of a benefit determination on review, including that notification communicate to the claimant in a manner calculated to be understood by the claimant the specific reason or reasons for the adverse determination and reference to the specific plan provisions on which the determination is based, and

l. the requirement of 29 CFR 2650.503-1(j)(6) that any notification of a benefit determination with respect to disability benefits include the following:

(i) A discussion of the decision, including an explanation of the basis for disagreeing with or not following:

(A) The views presented by the claimant to the plan of health care professionals treating the claimant and vocational professionals who evaluated the claimant;

(B) The views of medical or vocational experts whose advice was obtained on behalf of the plan in connection with a claimant's adverse benefit determination, without regard to whether the advice was relied upon in making the benefit determination; and

(C) A disability determination regarding the claimant presented by the claimant to the plan made by the Social Security Administration;

(ii) If the adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, either an explanation of the scientific or clinical judgment for the determination, applying the terms of the plan to the claimant's medical circumstances, or a statement that such explanation will be provided free of change upon request; and

(iii) Either the specific internal rules, guidelines, protocols, standards or other similar criteria of the plan relied upon in making the adverse determination or, alternatively, a statement that such rules, guidelines, protocols, standards or other similar criteria of the plan do not exist.

18. Based on the terms of the governing short-term and long-term disability benefits policies, Defendant’s denials of benefits under such policies to Plaintiff are subject to de novo review and, so reviewed, must be determined to have been wrong, Alternatively, based on Defendant’s violation of one or more requirements of 29 CFR 2560.503-1, Defendant’s denials of benefits are subject to de novo review and, so reviewed, must be determined to have been wrong. Alternatively, based on the application, pursuant to 29 U.S.C. § 1144(b)(2)(A), of Section 1701.062 of the Texas Insurance Codes and Title 28, Part 1,

Chapter 3, Subchapter M, Rules 3.201(c), 3.1202 and 3.1203 of the Texas Administrative Code, 28 Texas Administrative Code 3.201 et seq. Defendant’s denials of benefits are subject to de novo review and, so reviewed, must be determined to have been wrong. Again, in the alternative, in the event Defendant’s denials of benefits are subject to review only for abuse of discretion, Defendant, to the extent of any discretion, abused such discretion.

## Claims

19. For her first cause of action, Plaintiff would show that Defendant wrongfully denied benefits due to her under the short-term disability benefits policy. Defendant is accordingly liable for all benefits due but not paid to Plaintiff under the short-term disability benefits policy, the present value of all future benefits due under the short-term benefits policy, prejudgment interest and his attorney's fees and expenses and costs of court.

20. For her second cause of action, Plaintiff would show that Defendant wrongfully denied benefits due to her under the long-term disability benefits policy. Defendant is accordingly liable for all benefits due but not paid to Plaintiff under the long-term disability benefits policy, the present value of all future benefits due under the long-term benefits policy, prejudgment interest and his attorney's fees and expenses and costs of court.

WHEREFORE, Plaintiff prays this Court grant her judgment against Defendant for all appropriate relief.

Respectfully submitted,

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No. 08158100
reg@kilgorelaw.com
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, Texas 75204
(214) 379-0823
(214) 379-0840 (telecopy)

COUNSEL FOR PLAINTIFF