**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMANT DIVISION**

| | | |
|---|---|---|
| NANCY WEIDNER, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 2:18cv00361-JRG |
| | § | |
| VS. | § | |
| | § | |
| THE LINCOLN NATIONAL LIFE | § | |
| INSURANCE COMPANY | § | |
| | § | |
| Defendant. | § | |

**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Complaint ("Complaint") subject to Defendant's Motion to Transfer Venue filed contemporaneously with this Answer, and states as follows:

Parties, Jurisdiction and Venue

1. Lincoln admits the allegations contained in paragraph 1 of the Complaint.

2. Lincoln admits the allegations contained in paragraph 2 of the Complaint.

3. Lincoln admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act ("ERISA"). Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan as defined by ERISA, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln denies the allegations contained in Paragraph 4 of the Complaint.

Facts

5. Lincoln admits that Plaintiff was, at certain times, employed as an Accounting Clerk by Benbrook Water Authority ("BWA") and that Plaintiff's last day of work at BWA was

on or about October 29, 2016. Lincoln admits that Plaintiff was, at certain times, a participant in the short term disability plan (the "STD Plan"), which was sponsored by BWA. Lincoln admits the STD Plan was, at certain times, insured, at least in part, by the Group Weekly Disability Insurance Policy (the "STD Policy") that Lincoln issued to BWA. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the STD Plan under the STD Policy, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that Plaintiff made a claim for and, at certain times, received benefits from the STD Plan under the STD Policy. Lincoln denies all remaining allegations contained in paragraph 5 of the Complaint.

6. Lincoln admits it sent a letter to Plaintiff dated February 24, 2017, and refers to the letter itself as the best evidence of its contents. Lincoln admits that it received a first level appeal of the denial of further benefits from the STD Plan under the STD Policy, along with additional documentation, which are contained in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits it sent a letter to Plaintiff dated June 30, 2017, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits that it received a second level appeal of the denial of further benefits from the STD Plan under the STD Policy, along with additional documentation, which are contained in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy, and Lincoln refers to the administrative record itself as the best

evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits it sent a letter to Plaintiff's counsel dated February 15, 2018, and refers to the letter itself as the best evidence of its contents.

10. Lincoln admits that Plaintiff was, at certain times, a participant in the long term disability plan (the "LTD Plan"), which was sponsored by BWA. Lincoln admits that it issued a Group Long-Term Disability Insurance Policy (the "LTD Policy") to BWA, which, at certain times, insured benefits from the LTD Plans. Lincoln admits Plaintiff submitted a claim for benefits from the LTD Plan under the LTD Policy, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan under the LTD Policy, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits it sent a letter to Plaintiff's counsel dated April 18, 2018, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits it received a first level appeal of the denial of Plaintiff's claim for benefits from the LTD Plan under the LTD Policy, along with additional documentation, which are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the LTD Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits it sent a letter to Plaintiff's counsel dated July 10, 2018, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the LTD Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan under the LTD Policy, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits it received a letter from Plaintiff's counsel dated July 24, 2018, but Lincoln refers to the letter itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 14 constitute legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 14 and 14.a-j. of the Complaint.

15. Lincoln admits it sent a letter to Plaintiff's counsel dated July 27, 2018, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln denies the allegations contained in Paragraph 16 of the Complaint.

17. Lincoln denies the allegations contained in Paragraph 17 and 17.a.-l(iii). of the Complaint.

18. Lincoln denies the allegations contained in Paragraph 18 of the Complaint.

Claims

19. Lincoln denies the allegations contained in Paragraph 19 of the Complaint.

20. Lincoln denies the allegations contained in Paragraph 20 of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the Plans under the STD Policy and the LTD Policy was an abuse of discretion because the STD Policy and the LTD Policy contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the STD Policy and the LTD Policy and the documents governing the Plans, which require offset and/or repayment of income earned by Plaintiff or any award of other benefits, including any disability or retirement benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff failed to exhaust administrative remedies prerequisite to bringing a claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B) from the LTD Plan under the LTD Policy.

5. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's STD claim or LTD Claim during the administrative review process.

6. Plaintiff's claims are barred to the extent the Complaint was not filed within the STD Policy and the LTD Policy or statutory limitations period.

7. Lincoln reserves the right to assert additional defenses.

## **PRAYER**

Lincoln requests that the Court enter judgment that Plaintiff recover nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 10th day of September 2018.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers
State Bar of Texas No. 16452560

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Robert E. Goodman, Jr.
Email: reg@kilgorelaw.com

September 10, 2018 — Date

/s/ Iwana Rademaekers
Iwana Rademaekers