**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMANT DIVISION**

| | | |
|---|---|---|
| NANCY WEIDNER, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 2:18cv00361-JRG |
| | § | |
| VS. | § | |
| | § | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY | § | |
| | § | |
| | § | |
| Defendant. | § | |

# DEFENDANT'S MOTION TO TRANSFER VENUE AND BRIEF IN SUPPORT

Pursuant to 28 U.S.C. § 1404(a), Defendant, The Lincoln National Life Insurance Company ("Lincoln") files this Motion to Transfer Venue and Brief in Support.

## GROUNDS FOR MOTION AND STATEMENT OF THE ISSUE

Plaintiff's Original Complaint contains claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA") for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B). Lincoln moves this Court to transfer this action from the Marshall Division of the Eastern District of Texas to the Fort Worth Division of the Northern District of Texas under 28 U.S.C. § 1404(a), which states that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

## ARGUMENT AND AUTHORITIES

### A. Relevant Factors under Section 1404(a)

Pursuant to 28 U.S.C. § 1404(a), a case may be transferred for convenience or in the interests of justice to any judicial "district or division where the action might have been

brought." The United States Supreme Court has held that "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness. '" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988), *quoting Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

In ruling on Lincoln's Motion, "[t]he determination of "convenience" turns on a number of private and public interest factors, none of which are given dispositive weight." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citations omitted). The private concerns are:

1. the plaintiff's choice of forum;
2. the convenience of the parties and material witnesses;
3. the place of the alleged wrong;
4. the cost of obtaining the attendance of witnesses and availability of compulsory process;
5. the accessibility and location of sources of proof; and
6. the possibility of delay and prejudice if transfer is granted.[1]

The Fifth Circuit has identified the following public concerns to be considered:

1. the administrative difficulties flowing from court congestion;
2. the local interest in having localized disputes decided at home;
3. the familiarity of the forum with the law that will govern the case; and
4. the avoidance of unnecessary problems of conflict of laws and the application of foreign law.[2]

[1] *Mohaamed v. Mazda Corp.*, 90 F.Supp2d 757, 771 (E.D. Tex. 2000); *In re Volkswagen AG*, 371 F.3d at 203.
[2] *Id.*

### B. The Balancing of the Factors Weigh Heavily In Favor of Transferring This Case to the Fort Worth Division of the Northern District of Texas

#### 1. Plaintiff's Choice of Forum

While the Plaintiff's choice of forum is a factor for consideration, it is "neither conclusive nor determinative." *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003) (citations omitted). In fact, "to be considered at all, the Plaintiff's choice of forum must be one that is permitted under the relevant venue statute." *In re Horseshoe Entertainment*, 337 F.3d at 434-435.

It is certainly correct that Plaintiff has chosen to file this suit within the Marshall Division of the Eastern District, even though she resides and worked in a county encompassed in the Northern District of Texas.[3] However, as established by the evidence before this Court and further explained below, this is the only factor weighing in favor of this action being retained within the Marshall Division. Moreover, Plaintiff's place of residence and her employer's address are located in Tarrant County, which is within the Fort Worth Division of the Northern District of Texas, which is a venue in which this action "might have been brought," and is a valid location to which to transfer this action. 28 U.S.C. § 1404(a).[4]

The clear intent of the establishment of the four federal judicial Districts of Texas is that a plaintiff will file his or her lawsuit within the District that provides for the correct venue for the matter To permit a resident of Tarrant County (who was also employed in Tarrant County), whose dispute has nothing to do with any county in the Eastern District, to file litigation in the Eastern District is to allow a complete disregard of the Eastern and Northern Districts'

---

[3] Plaintiff is a resident of Fort Worth, Texas, and worked in Benbrook, Texas. Appendix at 003, attached to Exhibit 1, Affidavit of Paula McGee (App. 001-007). These addresses are in Tarrant County, which is in the Fort Worth Division of the Northern District of Texas. See Appendix at 008, attached to Exhibit 2, Northern District of Texas Website Page. Retrieved from http://www.txnd.uscourts.gov/court-locator.

[4] A motion seeking to transfer venue under § 1404(a) must request transfer to a venue in which such civil action might have been brought. *In re Volkswagen of America*, 545 F.3d 304, 312-13 (5th Cir. 2008) (en banc).

administrative and local rules with regard to the filing of litigation. The United States District Courts have assigned certain counties to certain Districts for a reason. If a Tarrant County resident is permitted to file an action in any District or Division she chooses, then the very nature and reasons for the establishment of the Districts and Divisions are wholly negated. Accordingly, the factor of this Plaintiff's choice of forum, standing alone, cannot be allowed to maintain an action that should have originally been filed in the Northern District in the face of Lincoln's Section 1404(a) Motion to Transfer Venue.

### 2. Convenience of the Parties and Witnesses

This factor heavily weighs in favor of transferring this case to the Fort Worth Division of the Northern District. Plaintiff resides in Fort Worth, Tarrant County, Texas.[5] Her residence is 13 miles from the federal courthouse in Fort Worth[6] but 197 miles from the Marshall courthouse.[7] Her workplace at Benbrook Water Authority[8] is 9.5 miles from the federal courthouse in Fort Worth[9] but is 190 miles to the Marshall courthouse.[10] Lincoln's corporate representatives and personnel involved in Weidner's claim are located outside of Texas and do not reside in this District or in the State and will be required to fly to travel to the Fort Worth or Marshall courthouse. However, any person traveling by air to reach the courthouses will be more inconvenienced by being forced to travel to Marshall, which is 172 miles from the DFW

---

[5] Appendix at 003, attached to Exhibit 1, Affidavit of Paula McGee (App. 001-007).

[6] Appendix at 009, attached to Exhibit 3, Mapquest Website Pages.

[7] Appendix at 010, attached to Exhibit 3, Mapquest Website Pages.

[8] Appendix at 003, attached to Exhibit 1, Affidavit of Paula McGee (App. 001-007).

[9] Appendix at 011-012, attached to Exhibit 3, Mapquest Website Pages.

[10] Appendix at 013-014, attached to Exhibit 3, Mapquest Website Pages.

Airport,[11] than in traveling to the federal courthouse in Fort Worth, which is 24 miles from DFW.[12]

Plaintiff's primary physician with regard to her claim for benefits and the physician who signed the LTD Physician's Statement was Cindy Atwell, PA-C, whose business address is 9668 Bartlett Circle, Fort Worth, Texas.[13] The distance from PA Atwell's office to the to the Fort Worth courthouse is 11.3 miles,[14] but it is 196 miles from PA Atwell's office to the Marshall courthouse.[15] Other physicians of Plaintiff whose records are contained in the claim file are Boa Thai, D.C., whose business address is 3941 FM 2181, Corinth, Texas,[16] Travis A. Motley, DPM, whose business address is 800 5th Avenue, Fort Worth, Texas,[17] and Roger S. Blair, M.D., whose business address is 1325 Pennsylvania Avenue, Fort Worth, Texas.[18] The distance from Dr. Thai's office to the Fort Worth courthouse is 38.6 miles,[19] but it is 180 miles from Dr. Thai's office to the Marshall courthouse.[20] The distance from Dr. Motley's office to the Fort Worth courthouse is 1.5 miles,[21] but it is 187 miles from Dr. Motley's office to the Marshall

---

11 Appendix at 015-016, attached to Exhibit 3, Mapquest Website Pages.

12 Appendix at 017-018, attached to Exhibit 3, Mapquest Website Pages.

13 Appendix at 004, attached to Exhibit 1, Affidavit of Paula McGee (App. 001-007).

14 Appendix at 019-020, attached to Exhibit 3, Mapquest Website Pages.

15 Appendix at 021-022, attached to Exhibit 3, Mapquest Website Pages.

16 Appendix at 007, attached to Exhibit 1, Affidavit of Paula McGee (App. 001-007).

17 Appendix at 006, attached to Exhibit 1, Affidavit of Paula McGee (App. 001-007).

18 Appendix at 007, attached to Exhibit 1, Affidavit of Paula McGee (App. 001-007).

19 Appendix at 023-024, attached to Exhibit 3, Mapquest Website Pages.

20 Appendix at 025-026, attached to Exhibit 3, Mapquest Website Pages.

21 Appendix at 027-028, attached to Exhibit 3, Mapquest Website Pages.

courthouse.[22] The distance from Dr. Blair's office to the Fort Worth courthouse is 1.2 miles,[23] but it is 186 miles from Dr. Blair's office to the Marshall courthouse.[24]

Fort Worth is a more convenient venue for all the parties and witnesses[25] in this action. Accordingly, this factor weighs heavily in favor of a transfer to the Fort Worth Division of the Northern District.

**3. Place of the Alleged Wrong**

The location where the benefits allegedly owed were to have been paid, and thus, the alleged wrong occurred, is where the Plaintiff resides, in Tarrant County and within the Northern District, Fort Worth Division.[26] Therefore, this factor weighs in favor of a transfer of this action to the Fort Worth Division of the Northern District.

**4. Cost of Obtaining Attendance of Witnesses**

The factor regarding the cost of obtaining witness attendance mirrors the consideration of the factor concerning convenience of the witnesses. Those witnesses located in the State (including Dr. Thai, Dr. Motley, Dr. Blair, and PA Atwell) will have to travel approximately 141-185 miles further to arrive at the Marshall courthouse than the Fort Worth courthouse.[27] Accordingly, the mileage fee paid to local witnesses will be higher if the case is maintained in Marshall. Therefore, this factor also favors transfer of the case to the Fort Worth Division of the Northern District.

---

22 Appendix at 029-030, attached to Exhibit 3, Mapquest Website Pages.

23 Appendix at 031-032, attached to Exhibit 3, Mapquest Website Pages.

24 Appendix at 033-034, attached to Exhibit 3, Mapquest Website Pages.

25 Plaintiff's Complaint seeks a *de novo* review in this action. Plaintiff's Original Complaint at ¶ 18. By filing this Motion, Lincoln is not admitting that *de novo* review is appropriate in this action.

26 Plaintiff is a resident of Fort Worth, Texas. Appendix at 003, attached to Exhibit 1, Affidavit of Paula McGee (App. 001-007). This address is in Tarrant County, which is in the Fort Worth Division of the Northern District of Texas. See Appendix at 008, attached to Exhibit 2, Northern District of Texas Website Page. Retrieved from http://www.txnd.uscourts.gov/court-locator.

27 Appendix at 009-034, attached to Exhibit 3, Mapquest Website Pages.

### 5. Accessibility and Location of Sources of Proof

Other than the witnesses, the other sources of proof in this matter are documents, which can be transported as needed. Therefore, this factor is neutral.

### 6. Possibility of Delay and Prejudice if Transfer is Granted

As Lincoln filed this Motion prior to filing its Answer in this action, there will be no delay or prejudice if this case is transferred to the Fort Worth Division of the Northern District, and this factor is neutral.

### 7. Administrative Difficulties Flowing from Court Congestion

Although the Court may have access to information concerning this factor, Lincoln does not have information or evidence that would bring this factor into play. Accordingly, this factor is neutral.

### 8. Local Interest in Having Localized Disputes Resolved at Home

The citizens of the counties encompassed by the Marshall Division of the Eastern District clearly have no interest in litigation concerning a citizen of Tarrant County who also worked in Tarrant County. The greater interest in this litigation is by the citizens of the Fort Worth Division of the Northern District, in which Benbrook (the location of Plaintiff's employer) is included. In re Volkswagen of America, 545 F.3d 304, 316 (5th Cir. 2008). Accordingly, this factor weighs in favor of transferring this action to the Fort Worth Division of the Northern District.

### 9. Familiarity of the Forum with the Law that Will Govern the Case and Avoidance of Unnecessary Problems with Conflicts of Laws

As both the Northern and Eastern District Courts in all of the relevant Divisions are clearly familiar with the law and reside within the same State, this factor is neutral.

## CONCLUSION

With only one factor (Plaintiff's choice of forum) weighing in favor of retaining this case in the Marshall Division of the Eastern District and four factors weighing heavily in favor of transferring this case to the Fort Worth Division of the Northern District, it would be an abuse of discretion for this Court to refuse to transfer the case to the Fort Worth Division of the Northern District under Section 1404(a). Where "there is no relevant factual connection to the Marshall division," the standard under Section 1404(a) has been met. In re Volkswagen of America, 545 F.3d at 317. Additionally, the transfer of this case from the Marshall Division will facilitate orderly forum selection by future plaintiffs in accordance with the Eastern District's venue provisions that are applicable to its Divisions. Accordingly, the Court should grant Lincoln's Motion and transfer this case. *See*, Arment v. J.C. Penney Corp., Inc., No 2:15-CV-2071 (E.D. Tex., July 25, 2016); Jones v. Hartford Life and Accident Ins. Co., No 2:08-CV-182 (E.D. Tex., February 11, 2009); Shepard v. Hartford Life and Accident Ins. Co., No 2:09-CV-162 (E.D. Tex., Aug. 27, 2009) (copies attached).

## PRAYER

Lincoln requests that this Court grant its Motion to Transfer Venue, transfer this matter to the Fort Worth Division of the Northern District of Texas, and grant Lincoln such other relief to which it may show itself justly entitled.

Dated this 10th day of September 2018.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers
State Bar of Texas No. 16452560

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel have complied with the meet and confer requirements of Local Rule CV-7(h). On September 7, 2018, Iwana Rademaekers, counsel for Defendant, contacted counsel for Plaintiff, Robert E. Goodman, Jr., regarding the filing of this Motion. Although counsel conferred in good faith, Plaintiff would not agree to a transfer of this action to the Fort Worth Division of the Northern District of Texas and opposes this Motion. Accordingly, the good faith discussions between counsel have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

/s/ Iwana Rademaekers
Iwana Rademaekers

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Robert E. Goodman, Jr.
Email: reg@kilgorelaw.com

September 10, 2018 — Date

/s/ Iwana Rademaekers
Iwana Rademaekers