**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| DEBRA ARMENT | § | |
| | § | |
| v. | § | Case No. 2:15-CV-2071-JRG-RSP |
| | § | |
| J. C. PENNEY CORP., INC., ET AL. | § | |

**ORDER GRANTING TRANFER OF VENUE**

Currently before the Court is the Defendants' Motion to Transfer Venue (Dkt. No. 6) and the opposition thereto. Considering the early procedural status of this case and the contacts of both Plaintiff and Defendants with this Division and the other District and Division at issue, and applying the current Fifth Circuit jurisprudence as set out in *In re Volkswagen of America*, 545 F.3d 304 (5th Cir. 2008) and following cases, the motion is GRANTED, and

IT IS ORDERED that this action be transferred to the Sherman Division of this Court and reassigned by the Clerk to the appropriate judicial officers.

**SIGNED this 25th day of July, 2016.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **MELANIE JONES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY F/K/A HARTFORD LIFE GROUP INSURANCE COMPANY,** | § | **CIVIL ACTION NO. 2:08-CV-182** |
| | § | |
| **Defendant.** | § | |

**O R D E R**

Before the Court are Hartford's Motion to Transfer Venue (Dkt. No. 11), Jones' Response (Dkt. No. 17), Hartford's Reply (Dkt. No. 18), and Jones' Sur-Reply (Dkt. No. 20). After reviewing the pleadings and case law as it applies to the specific facts of this case, the Court finds Hartford's Motion should be **GRANTED**.

## I. BACKGROUND

This is an Employee Retirement Income Security Act (ERISA) case brought by Jones for benefits under a disability policy written by Hartford. Dkt. No. 17, at 1. Hartford filed the present motion on June 18, 2008. *Id.* Because the Fifth Circuit was, at that time, dealing with a case—*In re Volkswagen*[1]—that could potentially (and eventually did) change the law regarding transfers for convenience, this Court delayed its ruling until the Fifth Circuit entered its final ruling.

---

[1] The *Volkswagen* case spent some time with the Fifth Circuit. Initially, a three-judge panel affirmed the district court. *In re Volkswagen* (*Volkswagen II*), 223 Fed. App'x. 305 (5th Cir. 2007). Then, another panel reheard the case and reversed the district court. *In re Volkswagen*, 506 F.3d 376 (5th Cir. 2007). Then, the Fifth Circuit granted rehearing *en banc* and vacated its previous opinion and mandate. *In re Volkswagen*, 517 F.3d 785 (5th Cir. 2008). Finally, the Fifth Circuit issued an *en banc* opinion, essentially in accord with the vacated second panel decision. *In re Volkswagen* (*Volkswagen III*), 545 F.3d 304 (5th Cir. 2008) (*en banc*).

## II. LEGAL PRINCIPLES

Title 28, United States Code, Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Although there was at one time some question as to whether section 1404 applied to intra-district, as opposed to inter-district, transfers, the Fifth Circuit has recently held, without discussion, that it does. *In re Toyota Motor Corp.*, No. 08-41323 (5th Cir. Dec. 19, 2008) ("It makes no difference, in this case, that the requested transfer is within the district.").

Section 1404(a) presupposes that the action has been brought in a proper venue but authorizes its transfer to another proper district that is more suited to the convenience of witnesses and the needs of justice. The Supreme Court has noted that § 1404(a) is intended to place discretion in the district court to adjudicate motions to transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

This Court generally recognizes a plaintiff's right to choose a venue and will not disturb that choice absent a showing that convenience and fairness necessitate transfer under the facts of that particular case. *In re Triton*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999). Accordingly, the defendant has the burden to show "good cause" that transfer is appropriate. *Volkswagen III*, 545 F.3d at 314 ("[I]n order to support its claim for a transfer, [defendant] must satisfy the statutory requirement and *clearly demonstrate* that a transfer is for the convenience of parties and witnesses, in the interest of justice." (emphasis added)).

The Fifth Circuit has made clear that the first determination a district court must make is whether the claims might have been brought in the suggested transferee district. *Id.* at 312-13. After such a determination, the district court must then consider and balance the convenience of the parties in both venues. *Id.* at 314-16; *see also Bolt v. Toyota Indus. Corp.*, 351 F. Supp. 2d 597, 599 (E.D. Tex. 2004) (Davis, J.).

This balancing of conveniences involves of examination of several private and public interest factors, none of which has dispositive weight. *Volkswagen III*, 545 F.3d at 315. The private factors address (1) the availability of sources of proof, (2) the court's ability to secure witnesses' attendance, (3) the expense associated with witnesses' attendance, and (4) all other factors relevant in conducting an expeditious and inexpensive trial. *Id.* (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501(1947)). The public convenience factors address (1) administrative issues and the congestion of the courts' dockets, (2) the local interest in deciding the dispute, (3) the courts' familiarity with the controlling law, and (4) the potential conflicts of law issues that may arise. *Id.*

## III. PARTIES POSITIONS & DISCUSSION

As an initial matter, the Court notes that this is an intra-district transfer. Therefore, this case could properly have been brought in the Sherman Division of the Eastern District of Texas, Hartford's proposed transferee venue. The primary dispute this Court must resolve is which division is more convenient to the parties and their witnesses. The Court also notes that the parties' briefing considered the plaintiff's choice of forum to be a separate factor in the transfer analysis. Given the Fifth Circuit's subsequent guidance in *Volkswagen*, the Court will not consider the plaintiff's choice of forum as a separate factor.

Hartford contends that it would be an abuse of discretion not to transfer this case because all non-neutral factors weigh in favor of transfer. Dkt. No. 18, at 3. Hartford first argues that the cost of attendance by witnesses will be much less in Sherman than in Marshall. Dkt. No. 11, at 4, 6. Hartford notes that Jones resides in Collin County, approximately 44 miles from the Sherman courthouse but 166 miles from the Marshall courthouse. *Id.* at 4. Hartford admits its corporate representatives reside in Connecticut but contends Sherman will be much less expensive and more convenient due to the proximity to the DFW airport. *Id.* Hartford next notes that Jones' physician, who signed her claim for benefits, resides 60 miles from Sherman but 160 miles from Marshall. *Id.* at 5. Additionally, the local physician that reviewed Jones' records on behalf of Hartford resides in Red Oak, Texas, some 83 miles from Sherman and 160 miles from Marshall. *Id.* As to the sources of proof and local interest factors, Hartford argues that the location where the benefits were allegedly owed is where Jones resides, within the Sherman Division. *Id.* Further, Hartford argues the citizens of Collin County, where Jones resides, have a greater interest in the resolution of this dispute than do the citizens of the Marshall Division. *Id.* at 6. Hartford contends all other factors are neutral. *Id.* at 6-7.

Jones contends, on the other hand, that ERISA cases should be handled differently in transfer analysis because ERISA has a separate venue provision that requires the Court to give more weight to Jones' choice of forum. Dkt. No. 17, at 1, 4. Jones further argues that even if the ERISA venue provision makes no difference, Hartford has failed to show that the transferee venue is clearly more convenient than Jones' chosen forum. *Id.* at 1-2. More specifically, Jones first argues that Hartford has failed to *prove*, through deposition, affidavit, or otherwise, its assertions regarding convenience.

*Id.* at 3. Jones then cites *Nicolas v. MCI Health and Welfare Plan No. 501*, 453 F. Supp. 2d 972, 974 (E.D. Tex. 2006) for the proposition that the ERISA venue provision is "expansive" and requires Jones' choice of forum to be weighed heavily. Jones then concedes that there is a "slight possibility" that the two doctors mentioned by Hartford will be called to testify live at trial, but Jones argues that "the convenience of the other witnesses outweighs that of these two highly unlikely live trial witnesses." Dkt. No. 17, at 6. Jones additionally argues that the alleged wrong was committed in the Eastern District of Texas and that each citizen within that district has an equal interest in the case. *Id.* at 8. Jones further contends that many of the witnesses will only be allowable at trial if *de novo* review is granted. *Id.* at 6. Finally, Jones contends that a transfer would delay the case and cause prejudice to Jones. *Id.* at 8.

First, the Court finds Jones' reading of *Nicolas* is misguided. Although this case does state that Congress intended for the "venue provisions for ERISA claimants to be broad," the intent was "to remove procedural obstacles to claimants." *Nicolas*, 453 F. Supp. 2d at 974. Yet Jones fails to show that the Sherman division would be such an "obstacle." Further, the *Nicolas* case dealt with a motion to dismiss for improper venue, discussing the ERISA venue statute in terms of "ready access to the courts." 453 F. Supp. 2d at 973. The argument here is not one of jurisdiction—clearly Jones has access to either the Marshall or Sherman court. The question is, rather, which forum is more convenient. In sum, the Court finds no merit to Jones' ERISA venue provision argument.

The Court finds Hartford has established that the Sherman Division is clearly a more convenient venue for this case. Jones' argument that Hartford has failed to *prove* its assertions rings hollow because Jones does not dispute any of the mileage information contained in Hartford's

papers, and Jones relies substantially on authority outside of the Fifth Circuit for its legal analysis. Further, Hartford relies on sufficient evidence, such as Plaintiff's Complaint, affidavits and documents from Hartford's claim file, Eastern District of Texas websites, and other websites that show mileage between two locations, to show that Sherman is clearly more convenient for the two doctors, and to the plaintiff. *See* Dkt. No. 11, which cites to Exhibits 1 & 2. Hartford also shows that the proximity of the DFW airport—a major airport offering a substantial number of direct flights at a lower cost—to Sherman makes the Sherman Division more convenient for Hartford's representatives that must travel regardless of where the trial is held. The Court additionally finds that the local interest factor also weighs in favor of transfer, due to Jones' residence and presumed previous employment within or near to the Sherman Division. Finally, the Court has not considered Jones' alleged prejudice due to delay because Hartford's Motion was timely filed.

## IV. CONCLUSION

Because Hartford has shown good cause for transfer, demonstrating that the Sherman Division of the Eastern District of Texas would clearly be a more convenient venue than the Marshall Division, Hartford's Motion to Transfer Venue (Dkt. No. 11) is hereby **GRANTED**. This case is hereby transferred to the Sherman Division of the Eastern District of Texas.

**IT IS SO ORDERED.**

**SIGNED this 2nd day of February, 2009.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| PAMELA SHEPARD,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 2:09-CV-162 (TJW) |
| | § | |
| HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY F/N/A CNA<br>GROUP LIFE ASSURANCE COMPANY,<br>Defendant. | §<br>§<br>§<br>§ | |

**ORDER**

Before the court is Defendant Hartford Life and Accident Insurance Company F/N/A CAN Group Life Assurance Company's ("Hartford Life") Motion to Transfer Venue to the Eastern District of Eastern District of Texas, Sherman Division. (Dkt. No. 12) The court GRANTS Hartford Life's Motion.

The Fifth and Federal Circuits have recently enunciated the standard to be used in deciding Motions to Transfer Venue. *See In re Volkswagen of America, Inc*., 545 F.3d 304 (5th Cir. 2008) (en banc); *See In re TS Tech USA Corp*., 551 F.3d 1315 (Fed. Cir. 2008) (applying the Fifth Circuit's *en banc Volkswagen* decision to rulings on transfer motions out of this circuit). Under this law, this case is appropriate for transfer. The plaintiff is in the Sherman Division, the defendant is in Connecticut, and witnesses are in Dallas, Florida, New York and Connecticut. The Sherman Division is 50-60 miles from the Dallas witnesses and closer than Marshall to the Dallas-Fort Worth Airport, which can provide non-stop flights to all out-of-state witnesses. The plaintiff has connections in the Sherman Division, as she resides there, but has no connections to

the Marshall Division. The plaintiff has failed to show greater convenience or a sufficient connection to this District that would warrant denying transfer.

Accordingly, Hartford Life has met its burden of showing it is clearly more convenient for this case to proceed in the Eastern District of Texas, Sherman Division. *See In re Volkswagen*, 545 F.3d 304 (5th Cir. 2008). The Motion, therefore, is GRANTED and this case is transferred to the Sherman Division.

SIGNED this 27th day of August, 2009.

T. JOHN WARD
UNITED STATES DISTRICT JUDGE