IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NANCY WEIDNER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Civil Action No. 2:18-cv-00361-JRG |
| | § | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

PLAINTIFF'S OPPOSITION TO MOTION TO TRANSFER VENUE

Plaintiff opposes Defendant's motion to transfer venue on the ground that, in this action to recover benefits under 29 U.S.C. §1132(a)(1)(B), there are not, in fact, valid grounds for transfer under the governing case law, In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004) based either upon the first or second set of considerations identified by Defendant in its motion:

Because claims under §1132(a)(1)(B) are decided based on a record, there are no legitimate considerations of convenience of the witnesses, costs of obtaining attendance of witnesses or accessibility of sources of proof favoring transfer. For the same reason, the considerations of Plaintiff's choice of forum and the possibility of delay and prejudice from transferring this action to another venue favor maintaining venue where it was laid. Further, the consideration of place of the alleged wrong by Defendant, since it is headquartered in Nebraska, is necessarily not pertinent, such that, again, Plaintiff's choice of forum and the possibility of delay and prejudice dictate denial of Defendant's motion.

Other considerations identified by Defendant do not favor transfer either.

There is no issue of conflict of laws, since federal law governs. There is also no issue of familiarity of this Court with claims under 29 U.S.C. §1132(a)(1)(B), as its own docket will attest, and there is likewise no issue of docket congestion apparent from the Court's docket. Finally, Plaintiff's choice of forum necessarily weighs more heavily than any consideration of decisions being made at home.

Defendant's motion is an attempt to intimidate the Court by an illusory characterization of the factors governing its motion under the circumstances of this action. The Court should not be intimidated.

WHEREFORE, Plaintiff prays this Court deny Defendant's motion.

Respectfully submitted,

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No. 08158100
reg@kilgorelaw.com
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, Texas 75204
(214) 379-0823
(214) 379-0840 (telecopy)

COUNSEL FOR PLAINTIFF

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically filed using the electronic case filing system of the court with a copy sent to the following counsel of record:

iwana@rademaekerslaw.com

Iwana Rademakers
Law Offices of Iwana Rademaekers, P.C.
14785 Preston Road
Suite 550
Dallas, Texas 75254

/s/Robert E. Goodman, Jr.
Robert E. Goodman, Jr.