**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMANT DIVISION**

| | | |
|---|---|---|
| NANCY WEIDNER, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 2:18cv00361-JRG |
| | § | |
| VS. | § | |
| | § | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY | § | |
| | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE AND BRIEF IN SUPPORT**

Pursuant to 28 U.S.C. § 1404(a), Defendant, The Lincoln National Life Insurance Company ("Lincoln") files this Reply in Support of its Motion to Transfer Venue and Brief in Support.

**REPLY TO PLAINTIFF'S RESPONSE**

Lincoln's Motion to Transfer Venue was brought under 28 U.S.C. § 1404(a), which states that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Without citing precedent or providing her own analysis of the Volkswagen[1] factors, Plaintiff states that Lincoln has made an "illusory characterization of the factors" in an "attempt to intimidate the Court." It is odd that Plaintiff believes Lincoln's § 1404(a) Motion would intimidate the Court under any circumstances, especially in light of this Court's granting of the same motion involving the same counsel and type of case, and the Volkswagen factors analysis. *See*, Arment v. J.C. Penney Corp., Inc., No 2:15-CV-2071 (E.D. Tex., July 25, 2016) (copy

---

1 *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).

attached to Lincoln's Motion to Transfer Venue – Doc 5-2). However, Plaintiff has made no attempt to either rebut the weighing of the factors as set forth in Lincoln's Motion or to provide her own analysis of how the factors should be weighted in this action.

The only other argument Plaintiff advances is that her choice of venue should be given preference over all the other factors. However, Plaintiff disregards the local interest factor applicable to the Section 1404(a) determination, apparently believing that Plaintiff is the only citizen with an interest in this litigation. Plaintiff's also ignores that her residence and workplace are not within this Court's District and Division, but rather, in Tarrant County, which is in the Fort Worth Division of the Northern District of Texas.[2] Plaintiff simply states that, even though she does not live or work in this District or Division and the case has absolutely no connection to this District or Division, her choice of forum should be paramount. To permit a resident of Tarrant County (who was also employed in Tarrant County), whose dispute has nothing to do with any county in the Eastern District, to file litigation in the Eastern District is to allow a complete disregard of the Eastern and Northern Districts' administrative and local rules with regard to the filing of litigation. The United States District Courts have assigned certain counties to certain Districts and Divisions for a reason. If a Tarrant County resident is permitted to file an action in any District or Division she chooses, then the very nature and reasons for the establishment of the Districts and Divisions are wholly negated. Accordingly, the factor of this Plaintiff's choice of forum, standing alone, cannot be allowed to maintain an action that should have originally been filed in the Northern District in the face of Lincoln's Section 1404(a) Motion to Transfer Venue.

---

[2] Plaintiff is a resident of Fort Worth, Texas, and worked in Benbrook, Texas. Appendix to Lincoln's Motion to Transfer Venue at 003, attached to Exhibit 1, Affidavit of Paula McGee (App. 001-007). These addresses are in Tarrant County, which is in the Fort Worth Division of the Northern District of Texas. See Appendix to Lincoln's Motion to Transfer Venue at 008, attached to Exhibit 2, Northern District of Texas Website Page. Retrieved from http://www.txnd.uscourts.gov/court-locator.

Lincoln's Motion clearly establishes that the Volkswagen factors weigh in favor of transferring the action under Section 1404(a), and Plaintiff has not rebutted the application of those factors. Where "there is no relevant factual connection to the Marshall division," the standard under Section 1404(a) has been met. In re Volkswagen of America, 545 F.3d at 317. Accordingly, the Court should grant Lincoln's Motion and transfer this case to the Fort Worth Division for the Northern District of Texas.

## PRAYER

Lincoln requests that this Court grant its Motion to Transfer Venue, transfer this matter to the Fort Worth Division of the Northern District of Texas, and grant Lincoln such other relief to which it may show itself justly entitled.

Dated this 1st day of October 2018.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers
State Bar of Texas No. 16452560

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Robert E. Goodman, Jr.
Email: reg@kilgorelaw.com

| | |
|---|---|
| October 1, 2018 | /s/ Iwana Rademaekers |
| Date | Iwana Rademaekers |